IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| 24 HOUR BAIL BOND, L.L.C., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| VS. ) | No. 05-1346-T/An |
| ) | |
| CHARLES FARMER, in his official ) | |
| capacity as Mayor of the City of Jackson, ) | |
| Tennessee; and the CITY OF JACKSON, ) | |
| TENNESSEE, ) | |
| ) | |
|     Defendants. ) | |

ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO PROSECUTE

On October 11, 2005, the plaintiff, 24 Hour Bail Bond, L.L.C., filed a verified complaint for injunctive relief and damages in the Chancery Court of Madison County, Tennessee, against the City of Jackson, Tennessee and the Mayor of Jackson, Charles Farmer, in his official capacity. The defendants removed the action to this Court on November 9, 2005, pursuant to 28 U.S.C. § 1441 *et seq.*, asserting federal question jurisdiction under 28 U.S.C. § 1331. Defendants' answer to the complaint was filed on December 20, 2005.

On December 6, 2005, plaintiff's counsel filed a motion to withdraw on the grounds that he had been unable to communicate with the plaintiff. The motion was granted on December 28, 2005, and plaintiff was given twenty days in which to retain new counsel or

to advise the Court that it would be proceeding *pro se*. Plaintiff has failed to respond to that order.

Defendants have filed a motion to dismiss for failure to prosecute, to which plaintiff has not responded. Defendants state that plaintiff failed to respond to their attempts to confer on a proposed scheduling order, so that a scheduling order was entered by the Magistrate Judge on January 19, 2006, without plaintiff's participation. Pursuant to that scheduling order, initial disclosures under Federal Rule of Civil Procedure 26(a)(1) were required to be served by February 3, 2006. Although the defendants served their Rule 26(a)(1) disclosures on plaintiff, plaintiff has failed to reciprocate.

Federal Rule of Civil Procedure Rule 37(b)(2) provides as follows:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) [a]n order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. . . .

The purpose of imposing sanctions is to "assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery." Bell v. Auto. Club of Michigan, 80 F.R.D. 228, 229 (E.D. Mich. 1978), *cert. denied*, 442 U.S. 918 (1979). "Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith, or fault." Regional Refuse Sys., 842 F.2d 150, 154 (6th Cir. 1988)

(citing Patton v. Aerojet Ordinance Co., 765 F.2d 604, 607 (6th Cir. 1985)).

Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  This measure is available to the court as a tool to effect "management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties."  Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (quoting Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir.1984)).  A court should consider four factors in assessing the whether to grant a motion to dismiss a complaint under Rule 41(b): (1) whether the party' failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  Harmon v. CSX Transp., Inc., 110 F.3d 364, 366-67 (6th Cir.), *cert. denied*, 522 U.S. 868 (1997) (citations and quotations omitted).

In this case, dismissal of the action under either Rule 37 or Rule 41 is appropriate. Plaintiff has failed to comply with the order granting its motion to withdraw which required it to notify the court of the name of its new attorney or whether it intended to proceed *pro se*.[1] Not only did plaintiff not do so within twenty days, it still has not done so.

---

[1] Defendant contends that plaintiff, a limited liability company, cannot represent itself in court through a non-lawyer member, but must be represented by an attorney, citing In re ICLNDS Notes Acquisition, L.L.C., 259 B.R. 289 (Bankr. N.D. Ohio 2001).  However, as plaintiff apparently does not intend to proceed *pro se*, it is not necesssary to address that question.

Plaintiff has also failed to prosecute this action. As stated, plaintiff failed to participate in the preparation of the scheduling order, and has served no initial disclosures, which clearly prejudices the defendants. Additionally, no less drastic sanction will suffice in this case. Plaintiff has not retained new counsel and has not notified the Court that it intends to represent itself; consequently, no one is available to prosecute the case.

For these reasons, the defendants' motion to dismiss is GRANTED, and this case is hereby DISMISSED without prejudice.[2]  If plaintiff re-files the action, it must first pay to defendants all costs and attorney fees incurred by defendants in defending the present case.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] Dismissal with prejudice is appropriate in cases in which the defendant has incurred significant time and expense in preparation of the case for trial, unlike in the present case. See, e.g., Pace v. S. Express, Co., 409 F.2d 331, 334 (7th Cir. 1969).